```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FONG ON, INC.

                         Plaintiff,

       -against-


FONG ON NYC, INC. and MOTT BULWARK, LLC

                         Defendants.
------------------------------------------------------------------X
```

Case No.   1:18-cv-02300-VM

Hon. Victor Marrero

**ANSWER**
**OF FONG ON NYC, INC.**

Defendant Fong On NYC, Inc. (hereinafter, "Defendant"), by and through its undersigned counsel, and pursuant to the applicable Federal Rules of Civil Procedure, hereby respectfully answers Plaintiff's Complaint (the "Complaint") as follows:

## NATURE OF THE CASE

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 2 of the Complaint.

3. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint, except denies that it is "important" or dispositive to this case.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint, and respectfully refers the Court to Exhibit 1 of the Complaint, an article regarding a labor dispute which is highly prejudicial and has no bearing on alleged trademark infringement.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits that Plaintiff contacted Defendant regarding this case. Defendant denies that Plaintiff was amicable regarding resolution of this case. Defendant lacks sufficient information to admit or deny the allegations pertaining to Mott Bulwark, LLC contained in Paragraph 8 of the Complaint, and denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

## JURISDICTION

10. Defendant admits that the Complaint purports to assert the claims listed, but denies the allegations, if any, contained in Paragraph 10 of the Complaint regarding Defendant.

11. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 11 of the Complaint, and respectfully refers all questions of law to the Court.

12. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 12 of the Complaint, and respectfully refers all questions of law to the Court.

13. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits that its only physical store is located at 46 Mott Street, New York, NY 10013, and denies the remainder of the allegations contained in Paragraph 14 of the Complaint.

## VENUE

15. Defendant admits that Defendant has its principal place of business in the State of New York and in this judicial district, but lacks sufficient information to admit or deny the

remainder of the allegations contained in Paragraph 15 of the Complaint, and respectfully refers all questions of law to the Court.

16. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 16 of the Complaint.

## THE PARTIES

17. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 17 of the Complaint.

18. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits the allegations contained in Paragraph 22 of the Complaint, except that, without admitting any liability whatsoever, Defendant changed its legal name to Mott Street Eatery Inc. with the New York State Department of State on April 19, 2018.

23. Defendant admits that it manufactures and markets food items and denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendant admits the allegations contained in Paragraph 26 of the Complaint, except denies that any infringement occurred.

27. Defendant denies that Defendant committed any "infringing activities," and Defendant lacks sufficient information to admit or deny the remainder of the allegations contained in Paragraph 27 of the Complaint.

28. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 34 of the Complaint, and respectfully refers all questions of law to the Court.

35. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 35 of the Complaint, and respectfully refers all questions of law to the Court.

36. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 36 of the Complaint, and respectfully refers all questions of law to the Court.

37. Defendant admits that, to date, Defendant has not opposed Plaintiff's alleged applications, and lacks sufficient information to admit or deny the remainder of the allegations contained in Paragraph 37 of the Complaint.

38. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 38 of the Complaint, and respectfully refers all questions of law to the Court.

39. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 39 of the Complaint, and respectfully refers all questions of law to the Court.

40. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegation that Defendant "intentionally adopted" the alleged trademarks and lacks sufficient information to admit or deny the remainder of the allegations contained in Paragraph 42 of the Complaint.

43. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant admits the allegations contained in Paragraph 48 of the Complaint, except denies that Defendant had acted with "malicious intentions."

49. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendant admits that it conducts business at 46 Mott Street, New York, NY 10013, lacks sufficient information to admit or deny that it is 0.3 miles away from "Fong On's location at 81 Division Street…, " and denies the remainder of the allegations contained in Paragraph 50 of the Complaint.

51. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 51 of the Complaint, and respectfully refers all questions of law to the Court.

52. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 54 of the Complaint, except Defendant denies that Defendant committed any infringement.

55. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendant admits the allegations contained in Paragraph 63 of the Complaint, except Defendant denies that Defendant committed any infringement.

64. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 64 of the Complaint, except Defendant denies that Defendant committed any "infringing activities."

65. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 65 of the Complaint, except Defendant denies that Defendant committed any "infringing activities."

66. Defendant admits the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant admits that Plaintiff contacted Defendant using a cease and desist letter requesting Defendant to cease and desist from Defendant's alleged use and alleged infringement of purported FONG ON trademarks, and lacks sufficient information to admit or deny the remainder of the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78. Defendant denies the allegations contained in Paragraph 78 of the Complaint.

79. Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80. Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in Paragraph 81 of the Complaint.

## CAUSES OF ACTION

## COUNT I

**[Trademark Infringement (15 U.S.C. § 1114)]**

82. Defendant repeats and reasserts the responses contained in Paragraphs 1-81 of this Answer as though fully set forth herein.

83. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 83 of the Complaint, and respectfully refers all questions of law to the Court.

84. Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in Paragraph 87 of the Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89. Defendant denies the allegations contained in Paragraph 89 of the Complaint.

## COUNT II

**[New York Trademark Infringement (N.Y. Gen. Bus. Law § 360-k)]**

90. Defendant repeats and reasserts the responses contained in Paragraphs 1-89 of this Answer as though fully set forth herein.

91. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 91 of the Complaint, and respectfully refers all questions of law to the Court.

92. Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93. Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94. Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95. Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96. Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97. Defendant denies the allegations contained in Paragraph 97 of the Complaint.

## COUNT III

**[Trademark Infringement Under the Common Law of the State of New York]**

98. Defendant repeats and reasserts the responses contained in Paragraphs 1-97 of this Answer as though fully set forth herein.

99. Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of the Complaint.

101. Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of the Complaint.

## COUNT IV

**[Trademark Dilution (15 U.S.C. § 1125(c))]**

103. Defendant repeats and reasserts the responses contained in Paragraphs 1-102 of this Answer as though fully set forth herein.

104. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 104 of the Complaint, and respectfully refers all questions of law to the Court.

105. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 105 of the Complaint, and respectfully refers all questions of law to the Court.

106. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 106 of the Complaint, and respectfully refers all questions of law to the Court.

107. Defendant denies the allegations contained in Paragraph 107 of the Complaint.

108. Defendant denies the allegations contained in Paragraph 108 of the Complaint.

109. Defendant denies the allegations contained in Paragraph 109 of the Complaint.

110. Defendant denies the allegations contained in Paragraph 110 of the Complaint.

111. Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112. Defendant denies the allegations contained in Paragraph 112 of the Complaint.

## COUNT V

**[New York Trademark Dilution and Injury to Business Reputation (N.Y. Ben. Bus. Law § 360-l)]**

113. Defendant repeats and reasserts the responses contained in Paragraphs 1-112 of this Answer as though fully set forth herein.

114. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 114 of the Complaint, and respectfully refers all questions of law to the Court.

115. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 115 of the Complaint, and respectfully refers all questions of law to the Court.

116. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 116 of the Complaint, and respectfully refers all questions of law to the Court.

117. Defendant denies the allegations contained in Paragraph 117 of the Complaint.

118. Defendant denies the allegations contained in Paragraph 118 of the Complaint.

119. Defendant denies the allegations contained in Paragraph 119 of the Complaint.

120. Defendant denies the allegations contained in Paragraph 120 of the Complaint.

121. Defendant denies the allegations contained in Paragraph 121 of the Complaint.

## COUNT VI

**[False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a))]**

122. Defendant repeats and reasserts the responses contained in Paragraphs 1-121 of this Answer as though fully set forth herein.

123. Defendant denies the allegations contained in Paragraph 123 of the Complaint.

124. Defendant denies the allegations contained in Paragraph 124 of the Complaint.

125. Defendant denies the allegations contained in Paragraph 125 of the Complaint.

126. Defendant denies the allegations contained in Paragraph 126 of the Complaint.

127. Defendant denies the allegations contained in Paragraph 127 of the Complaint.

128. Defendant denies the allegations contained in Paragraph 128 of the Complaint.

## COUNT VII

**[State Unfair Competition and State Unfair and Deceptive Trade Practices (N.Y. Gen. Bus. Law § 349(a))]**

129. Defendant repeats and reasserts the responses contained in Paragraphs 1-128 of this Answer as though fully set forth herein.

130. Defendant denies the allegations contained in Paragraph 130 of the Complaint.

131. Defendant denies the allegations contained in Paragraph 131 of the Complaint.

132. Defendant denies the allegations contained in Paragraph 132 of the Complaint.

133. Defendant denies the allegations contained in Paragraph 133 of the Complaint.

## COUNT VIII

### [Unfair Competition Under the Common Law of the State of New York]

134. Defendant repeats and reasserts the responses contained in Paragraphs 1-133 of this Answer as though fully set forth herein.

135. Defendant denies the allegations contained in Paragraph 135 of the Complaint.

136. Defendant denies the allegations contained in Paragraph 136 of the Complaint.

137. Defendant denies the allegations contained in Paragraph 137 of the Complaint.

138. Defendant denies the allegations contained in Paragraph 138 of the Complaint.

139. Defendant denies the allegations contained in Paragraph 139 of the Complaint.

## COUNT IX

### [Trademark Dilution Under the Common Law of the State of New York]

140. Defendant repeats and reasserts the responses contained in Paragraphs 1-139 of this Answer as though fully set forth herein.

141. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 141 of the Complaint.

142. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 142 of the Complaint.

143. Defendant denies the allegations contained in Paragraph 143 of the Complaint.

144. Defendant denies the allegations contained in Paragraph 144 of the Complaint.

145. Defendant denies the allegations contained in Paragraph 145 of the Complaint.

146. Defendant denies the allegations contained in Paragraph 146 of the Complaint.

147. Defendant denies the allegations contained in Paragraph 147 of the Complaint.

148. Defendant denies the allegations contained in Paragraph 148 of the Complaint.

## COUNT X

**[False Advertising Under the Law of the State of New York (N.Y. Gen. Bus. Law § 350)]**

149. Defendant repeats and reasserts the responses contained in Paragraphs 1-148 of this Answer as though fully set forth herein.

150. Defendant denies the allegations contained in Paragraph 150 of the Complaint.

151. Defendant denies the allegations contained in Paragraph 151 of the Complaint.

152. Defendant denies the allegations contained in Paragraph 152 of the Complaint.

## COUNT XI

**[Use of Name with Intent to Deceive (N.Y. Gen. Bus. Law § 133)]**

153. Defendant repeats and reasserts the responses contained in Paragraphs 1-152 of this Answer as though fully set forth herein.

154. Defendant denies the allegations contained in Paragraph 154 of the Complaint.

155. Defendant denies the allegations contained in Paragraph 155 of the Complaint.

156. Defendant denies the allegations contained in Paragraph 156 of the Complaint.

## COUNT XII

**[Unjust Enrichment]**

157. Defendant repeats and reasserts the responses contained in Paragraphs 1-156 of this Answer as though fully set forth herein.

158. Defendant denies the allegations contained in Paragraph 158 of the Complaint.

## COUNT XIII

**[Contributory Trademark Infringement and Violation of New York Real Prop. Law § 231(2) – as to Defendant Mott Bulwark, LLC]**

159. Defendant repeats and reasserts the responses contained in Paragraphs 1-158 of this Answer as though fully set forth herein.

160. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 160 of the Complaint.

161. Defendant admits that Mott Bulwark, LLC leased the premises to Defendant, but Defendant lacks sufficient information to admit or deny the remainder of the allegations contained in Paragraph 161 of the Complaint.

162. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 162 of the Complaint.

163. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 163 of the Complaint, except Defendant denies that Defendant committed any "unlawful activities" or sold "infringing products."

164. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 164 of the Complaint, except Defendant denies that Defendant committed any "unlawful activities."

165. Defendant denies the allegations contained in Paragraph 165 of the Complaint.

## AS AND FOR A FIRST DEFENSE

The Complaint and each and every claim therein fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

Plaintiff lacks standing to bring its claims.

## AS AND FOR A THIRD DEFENSE

Plaintiff lacks the necessary ownership rights in the various trademarks alleged in the Complaint to bring its claims.

## AS AND FOR A FOURTH DEFENSE

Plaintiff's alleged trademarks have been abandoned by Plaintiff.

## AS AND FOR A FIFTH DEFENSE

Plaintiff is barred from asserting its claims due to its unclean hands.

## AS AND FOR A SIXTH DEFENSE

Without in any way conceding that Plaintiff suffered any damages, with respect to all causes of action for injunctive relief, Plaintiff has not suffered an irreparable injury.

## AS AND FOR A SEVENTH DEFENSE

If Defendant committed any infringement, which Defendant wholly denies, Defendant is an innocent infringer.

## AS AND FOR AN EIGHTH DEFENSE

The claims made by Plaintiff in the Complaint are barred, in whole or in part, as a result of the fraud perpetrated upon the United States Patent & Trademark Office by Plaintiff.

## JURY DEMAND

Defendant demands a trial by jury for all issues so triable.

## DEFENDANT'S RESERVATION OF RIGHTS

Defendant hereby gives notice to Plaintiff and the Court that, until Defendant avails itself of its rights of disclosure, Plaintiff cannot determine with certainty whether the above defenses will be asserted at trial. Defendant asserts these defenses in its Answer to preserve Defendant's right to assert these defenses at trial, to give Plaintiff notice of Defendant's intent to assert them, and to avoid waiving them. Defendant reserves the right to assert additional affirmative defenses as may become known to Defendant during disclosure, and to supplement, alter, or change this Answer upon receipt of information and more definitive facts and upon undertaking further discovery. Defendant may request that the Court grant leave to amend this Answer to allow additional defenses once additional information is discovered.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Fong On NYC prays for and demands judgment dismissing Plaintiff's Complaint, along with an award of costs, disbursements and reasonable attorneys' fees in favor of the Defendant Fong On NYC, in addition to such other relief as this Court deems just and proper.

Dated: New York, New York
June 22, 2018

Respectfully submitted,

By: /s/ Alozie Etufugh
Alozie Etufugh, Esq. (AE4073672)
ane@etufughlaw.com
Law Offices of Alozie N. Etufugh, PLLC
200 Park Avenue, Suite 1700
New York, New York 10166
Phone: (212) 309-8723

*Attorneys for Defendant Fong On NYC, Inc.*