Eric J. Shimanoff
Ryan A. Ghiselli
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, New York 10036

*Attorneys for Defendant/Counterclaimant*
*Mott Bulwark, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FONG ON, INC.,

                                  Plaintiff,

          v.

FONG ON NYC, INC. and
MOTT BULWARK, LLC,

                         Defendant.

Civ. No. 1:18-cv-02300-VM

---

**MOTT BULWARK, LLC'S ANSWER AND**
**COUNTERCLAIMS TO FONG ON, INC.'S COMPLAINT**

**ANSWER**

Defendant Mott Bulwark, LLC ("Mott Bulwark"), by their undersigned attorneys, for the

Answer to the Complaint, herein allege as follows:

1.      Denies the allegations contained in paragraph 1 of the Complaint.


2.      Denies knowledge or information sufficient to form a belief regarding the

allegations contained in paragraph 2 of the Complaint and therefore denies the same.


3.      Denies knowledge or information sufficient to form a belief regarding the

allegations contained in paragraph 3 of the Complaint and therefore denies the same.

31559/000/2462541.1

4.      Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 4 of the Complaint and therefore denies the same.

5.      Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 5 of the Complaint and therefore denies the same.

6.      Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 6 of the Complaint and therefore denies the same.

7.      Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 7 of the Complaint and therefore denies the same.

8.      Denies the allegations contained in paragraph 8 of the Complaint except admit that Mott Bulwark maintains that Plaintiff has not asserted any meritorious cause of action against Mott Bulwark in the Complaint and therefore Mott Bulwark is not liable to Plaintiff.

9.      Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 9 of the Complaint and therefore denies the same.

10.      Paragraph 10 of the Complaint states a legal conclusion and therefore no response is required. To the extent any response is required, Mott Bulwark denies the allegations contained in paragraph 10 of the Complaint.

11.      Paragraph 11 of the Complaint states a legal conclusion and therefore no response is required. To the extent any response is required, Mott Bulwark responds that it does not dispute that this Court has subject matter jurisdiction over the claims asserted in this action.

12.      Paragraph 12 of the Complaint states a legal conclusion and therefore no response

is required. To the extent any response is required, Mott Bulwark denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 12 of the Complaint and therefore denies the same.

13.     Paragraph 13 of the Complaint states a legal conclusion and therefore no response is required. To the extent any response is required, Mott Bulwark responds that it does not dispute that this Court has personal jurisdiction over Mott Bulwark in connection with this action, and admits that Mott Bulwark is a limited liability company organized under the laws of New York.

14.     Denies the allegations contained in the first sentence of paragraph 14 of the Complaint except denies knowledge or information sufficient to form a belief regarding the allegations contained in the second sentence of paragraph 14 and therefore denies the same.

15.     Paragraph 15 of the Complaint states a legal conclusion and therefore no response is required. To the extent any response is required, Mott Bulwark responds that it does not dispute that venue for this action is proper in this judicial district.

16.     Paragraph 16 of the Complaint states a legal conclusion and therefore no response is required. To the extent any response is required, Mott Bulwark responds that it does not dispute that venue for this action is proper in this judicial district.

17.     Denies that Plaintiff is doing business at 81 Division Street, New York, New York 10002, and denies knowledge or information sufficient to form a belief regarding the remaining allegations contained in paragraph 17 of the Complaint and therefore denies the same.

18.     Denies knowledge or information sufficient to form a belief regarding the

3

allegations contained in paragraph 18 of the Complaint and therefore denies the same.

19.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 19 of the Complaint and therefore denies the same.

20.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 20 of the Complaint and therefore denies the same except refers the Court to the records of the United States Patent and Trademark Office ("USPTO") and New York Secretary of State for their true contents.

21.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 21 of the Complaint and therefore denies the same.

22.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 22 of the Complaint and therefore denies the same.

23.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 23 of the Complaint and therefore denies the same.

24.     Admits that Mott Bulwark is a New York limited liability company with an address at 17 East Broadway, Suite 707, New York, New York 10002, denies the remaining allegations contained in paragraph 24 of the Complaint and refers the Court to the cited exhibit for its true contents.

25.     Admits the allegations contained in paragraph 25 of the Complaint.

26.     Admits that Mott Bulwark currently leases premises located at 46 Mott Street, New York, New York 10013 to Defendant Fong On NYC, Inc. and denies the remaining

4

allegations contained in paragraph 26 of the Complaint.

27.     Denies the allegations contained in paragraph 27 of the Complaint.

28.     Denies the allegations contained in paragraph 28 of the Complaint and refers the Court to the cited exhibit for its true contents.

29.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 29 of the Complaint and therefore denies the same.

30.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 30 of the Complaint and therefore denies the same.

31.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 31 of the Complaint and therefore denies the same, and refers the Court to the actual content depicted in the cited photographs.

32.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 32 of the Complaint and therefore denies the same.

33.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 33 of the Complaint and therefore denies the same.

34.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 34 of the Complaint and therefore denies the same.

35.     Denies the allegations contained in paragraph 35 of the Complaint except admits that Fong On, Inc. is listed as owner of U.S. Trademark Registration Nos. 5,411,853 and

5

5,411,856 and refers the Court to records of the USPTO for their true contents.

36.     Denies the allegations contained in paragraph 36 of the Complaint except admits that U.S. Trademark Registration Nos. 5,411,853 and 5,411,856 currently exist on the Principal Register of the United States Patent and Trademark Office.

37.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 37 of the Complaint and therefore denies the same, except admits that Mott Bulwark did not file an opposition proceeding with the United States Patent and Trademark Office against Plaintiff's trademark applications for U.S. Trademark Registration Nos. 5,411,853 and 5,411,856.

38.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 38 of the Complaint and therefore denies the same, and refers the Court to the records of the New York Secretary of State for their true contents.

39.     Paragraph 39 of the Complaint does not require a response.

40.     Denies knowledge or information sufficient to form a belief regarding Plaintiff's allegations concerning the value of its sales and therefore denies the same, and further denies the remaining allegations contained in paragraph 40 of the Complaint.

41.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 41 of the Complaint and therefore denies the same.

42.     Denies the allegations contained in paragraph 42 of the Complaint.

43.     Denies knowledge or information sufficient to form a belief regarding the

6

allegations contained in paragraph 43 of the Complaint and therefore denies the same, and refers the Court to the actual content depicted in the cited photographs.

44.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 44 of the Complaint and therefore denies the same.

45.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 45 of the Complaint and therefore denies the same.

46.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 46 of the Complaint and therefore denies the same.

47.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 47 of the Complaint and therefore denies the same.

48.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 48 of the Complaint and therefore denies the same.

49.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 49 of the Complaint and therefore denies the same, and refers the Court to the actual content depicted in the cited photograph.

50.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 50 of the Complaint and therefore denies the same.

51.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 51 of the Complaint and therefore denies the same.

52.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 52 of the Complaint and therefore denies the same, and refers the Court to the actual content depicted in the cited photographs.

53.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 53 of the Complaint and therefore denies the same.

54.     Paragraph 54 states a legal conclusion to which no response is required. To the extent a response is required, Mott Bulwark denies the allegations contained in paragraph 54 of the Complaint.

55.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 55 of the Complaint and therefore denies the same.

56.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 56 of the Complaint and therefore denies the same.

57.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 57 of the Complaint and therefore denies the same, and refers the Court to the actual content depicted in the cited photographs.

58.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 58 of the Complaint and therefore denies the same.

59.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 59 of the Complaint and therefore denies the same.

60.     Denies knowledge or information sufficient to form a belief regarding the

8

allegations contained in paragraph 60 of the Complaint and therefore denies the same.

61.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 61 of the Complaint and therefore denies the same.

62.     Admits the allegations contained in paragraph 62 of the Complaint.

63.     Denies the allegations contained in paragraph 63 of the Complaint except admits that Mott Bulwark currently leases premises located at 46 Mott Street, New York, New York 10013 to Defendant Fong On NYC, Inc.

64.     Denies the allegations contained in paragraph 64 of the Complaint.

65.     Denies the allegations contained in paragraph 65 of the Complaint.

66.     Denies the allegations contained in paragraph 66 of the Complaint.

67.     Denies the allegations contained in paragraph 67 of the Complaint.

68.     Denies the allegations contained in paragraph 68 of the Complaint.

69.     Denies the allegations contained in paragraph 69 of the Complaint and refers the Court to the cited correspondence for its true contents.

70.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 70 of the Complaint and therefore denies the same.

71.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 71 of the Complaint and therefore denies the same.

72.     Denies the allegations contained in paragraph 72 of the Complaint except admits that Mott Bulwark is not liable for the claims asserted by Plaintiff in this action.

73.     Denies the allegations contained in paragraph 73 of the Complaint and refers the Court to the cited communications for their true contents.

74.     Denies the allegations contained in paragraph 74 of the Complaint.

75.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 75 of the Complaint and therefore denies the same.

76.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 76 of the Complaint and therefore denies the same.

77.     Denies the allegations contained in paragraph 77 of the Complaint.

78.     Denies the allegations contained in paragraph 78 of the Complaint.

79.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 79 of the Complaint and therefore denies the same.

80.     Denies the allegations contained in paragraph 80 of the Complaint.

81.     Denies the allegations contained in paragraph 81 of the Complaint.

## COUNT I

82.     Mott Bulwark repeats and realleges its responses to the allegations in paragraphs 1 through 81 of the Complaint as if fully set forth herein.

83.     Denies knowledge or information sufficient to form a belief regarding the

allegations contained in paragraph 83 of the Complaint and therefore denies the same, and refers the Court to the records of the USPTO for their true contents.

84.     Denies the allegations contained in paragraph 84 of the Complaint.

85.     Denies the allegations contained in paragraph 85 of the Complaint.

86.     Denies the allegations contained in paragraph 86 of the Complaint.

87.     Denies the allegations contained in paragraph 87 of the Complaint.

88.     Denies the allegations contained in paragraph 88 of the Complaint.

89.     Denies the allegations contained in paragraph 89 of the Complaint.

## <u>COUNT II</u>

90.     Mott Bulwark repeats and realleges its responses to the allegations in paragraphs 1 through 89 of the Complaint as if fully set forth herein.

91.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 91 of the Complaint and therefore denies the same, and refers the Court to the records of the New York Secretary of State for their true contents.

92.     Denies the allegations contained in paragraph 92 of the Complaint.

93.     Denies the allegations contained in paragraph 93 of the Complaint.

94.     Denies the allegations contained in paragraph 94 of the Complaint.

95.     Denies the allegations contained in paragraph 95 of the Complaint.

31559/000/2462541.1

96.     Denies the allegations contained in paragraph 96 of the Complaint.

97.     Denies the allegations contained in paragraph 97 of the Complaint.

## COUNT III

98.     Mott Bulwark repeats and realleges its responses to the allegations in paragraphs 1 through 97 of the Complaint as if fully set forth herein.

99.     Denies the allegations contained in paragraph 99 of the Complaint.

100.    Denies the allegations contained in paragraph 100 of the Complaint.

101.    Denies the allegations contained in paragraph 101 of the Complaint.

102.    Denies the allegations contained in paragraph 102 of the Complaint.

## COUNT IV

103.    Mott Bulwark repeats and realleges its responses to the allegations in paragraphs 1 through 102 of the Complaint as if fully set forth herein.

104.    Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 104 of the Complaint and therefore denies the same.

105.    Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 105 of the Complaint and therefore denies the same, and refers the Court to the records of the USPTO and New York Secretary of State for their true contents.

106.    Denies knowledge or information sufficient to form a belief regarding the

12

allegations contained in paragraph 106 of the Complaint and therefore denies the same.

107.    Denies the allegations contained in paragraph 107 of the Complaint.

108.    Denies the allegations contained in paragraph 108 of the Complaint.

109.    Denies the allegations contained in paragraph 109 of the Complaint.

110.    Denies the allegations contained in paragraph 110 of the Complaint.

111.    Denies the allegations contained in paragraph 111 of the Complaint.

112.    Denies the allegations contained in paragraph 112 of the Complaint.

## COUNT V

113.    Mott Bulwark repeats and realleges its responses to the allegations in paragraphs 1 through 112 of the Complaint as if fully set forth herein.

114.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 114 of the Complaint and therefore denies the same.

115.    Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 115 of the Complaint and therefore denies the same, and refers the Court to the records of the USPTO and New York Secretary of State for their true contents.

116.    Denies the allegations contained in paragraph 116 of the Complaint.

117.    Denies the allegations contained in paragraph 117 of the Complaint.

118.     Denies the allegations contained in paragraph 118 of the Complaint.

119.     Denies the allegations contained in paragraph 119 of the Complaint.

120.     Denies the allegations contained in paragraph 120 of the Complaint.

121.     Denies the allegations contained in paragraph 121 of the Complaint.

## **COUNT VI**

122.     Mott Bulwark repeats and realleges its responses to the allegations in paragraphs 1 through 121 of the Complaint as if fully set forth herein.

123.     Denies the allegations contained in paragraph 123 of the Complaint.

124.     Denies the allegations contained in paragraph 124 of the Complaint.

125.     Denies the allegations contained in paragraph 125 of the Complaint.

126.     Denies knowledge or information sufficient to form a belief as to what Plaintiff "is presently unable to ascertain" as alleged in paragraph 126 of the Complaint and therefore denies the same, and denies the remaining allegations contained in paragraph 126 of the Complaint.

127.     Denies knowledge or information sufficient to form a belief as to what Plaintiff "is presently unable to ascertain" as alleged in paragraph 127 of the Complaint and therefore denies the same, and denies the remaining allegations contained in paragraph 127 of the Complaint.

128.     Denies the allegations contained in paragraph 128 of the Complaint.

14

## COUNT VII

129.    Mott Bulwark repeats and realleges its responses to the allegations in paragraphs 1 through 128 of the Complaint as if fully set forth herein.

130.    Denies the allegations contained in paragraph 130 of the Complaint.

131.    Denies the allegations contained in paragraph 131 of the Complaint.

132.    Denies the allegations contained in paragraph 132 of the Complaint.

133.    Denies the allegations contained in paragraph 133 of the Complaint.

## COUNT VIII

134.    Mott Bulwark repeats and realleges its responses to the allegations in paragraphs 1 through 133 of the Complaint as if fully set forth herein.

135.    Denies the allegations contained in paragraph 135 of the Complaint.

136.    Denies the allegations contained in paragraph 136 of the Complaint.

137.    Denies the allegations contained in paragraph 137 of the Complaint.

138.    Denies the allegations contained in paragraph 138 of the Complaint.

139.    Denies the allegations contained in paragraph 139 of the Complaint.

## COUNT IX

140.    Mott Bulwark repeats and realleges its responses to the allegations in paragraphs 1 through 139 of the Complaint as if fully set forth herein.

15

141.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 141 of the Complaint and therefore denies the same.

142.     Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 142 of the Complaint and therefore denies the same.

143.     Denies the allegations contained in paragraph 143 of the Complaint.

144.     Denies the allegations contained in paragraph 144 of the Complaint.

145.     Denies the allegations contained in paragraph 145 of the Complaint.

146.     Denies the allegations contained in paragraph 146 of the Complaint.

147.     Denies the allegations contained in paragraph 147 of the Complaint.

148.     Denies the allegations contained in paragraph 148 of the Complaint.

## **COUNT X**

149.     Mott Bulwark repeats and realleges its responses to the allegations in paragraphs 1 through 148 of the Complaint as if fully set forth herein.

150.     Denies the allegations contained in paragraph 150 of the Complaint.

151.     Denies the allegations contained in paragraph 151 of the Complaint.

152.     Denies the allegations contained in paragraph 152 of the Complaint.

31559/000/2462541.1

## COUNT XI

153.     Mott Bulwark repeats and realleges its responses to the allegations in paragraphs 1 through 152 of the Complaint as if fully set forth herein.

154.     Denies the allegations contained in paragraph 154 of the Complaint.

155.     Denies the allegations contained in paragraph 155 of the Complaint.

156.     Denies the allegations contained in paragraph 156 of the Complaint.

## COUNT XII

157.     Mott Bulwark repeats and realleges its responses to the allegations in paragraphs 1 through 156 of the Complaint as if fully set forth herein.

158.     Denies the allegations contained in paragraph 158 of the Complaint.

## COUNT XIII

159.     Mott Bulwark repeats and realleges its responses to the allegations in paragraphs 1 through 158 of the Complaint as if fully set forth herein.

160.     Denies the allegations contained in paragraph 160 of the Complaint.

161.     Denies the allegations contained in paragraph 161 of the Complaint except admits that Mott Bulwark owns the building located at 46 Mott Street, New York, New York 10013 and that Mott Bulwark leases premises located at 46 Mott Street, New York, New York 10013 to Fong On NYC Inc.

17

162.     Denies the allegations contained in paragraph 162 of the Complaint.

163.     Denies the allegations contained in paragraph 163 of the Complaint.

164.     Denies the allegations contained in paragraph 164 of the Complaint.

165.     Denies the allegations contained in paragraph 165 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

166.     Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

167.     Plaintiff fails to state a claim for trademark dilution, including because Plaintiff fails to properly allege the fame of Plaintiff's trademarks.

## THIRD AFFIRMATIVE DEFENSE

168.     Plaintiff fails to state a claim under New York General Business Law § 349(a), including because Plaintiff does not allege a specific or substantial injury to the public interest.

## FOURTH AFFIRMATIVE DEFENSE

169.     Plaintiff fails to state a claim under New York General Business Law § 350, including because Plaintiff does not allege a specific or substantial injury to the public interest or false advertising.

## FIFTH AFFIRMATIVE DEFENSE

170.     Plaintiff fails to state a claim under New York General Business Law § 133,

including because Mott Bulwark does not use FONG ON or any similar name as part of a corporate, assumed or trade name.

## SIXTH AFFIRMATIVE DEFENSE

171.    Plaintiff fails to state a claim for unjust enrichment, including because Mott Bulwark was not enriched at Plaintiff's expense and equity does not require restitution to the Plaintiff, and because Plaintiff's claim is duplicative of its other claims.

## SEVENTH AFFIRMATIVE DEFENSE

172.    Plaintiff's claims against Mott Bulwark are barred by the doctrines of laches, waiver, estoppel and acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

173.    Plaintiff failed to mitigate damages.

## NINTH AFFIRMATIVE DEFENSE

174.    As set forth in the following counterclaim, Plaintiff has abandoned its trademarks asserted in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

175.    As set forth in the following counterclaim, Plaintiff's trademark registrations asserted in the Complaint are invalid because they were fraudulently obtained by Plaintiff.

## COUNTERCLAIMS

Defendant/Counterclaimant Mott Bulwark, LLC ("Mott Bulwark"), a New York limited liability company with an address at 17 East Broadway, Suite 707, New York, New York 10002,

19

by and through its undersigned counsel, as grounds for its counterclaims against Plaintiff Fong

On, Inc. ("Plaintiff"), alleges as follows:

1.      Mott Bulwark is the owner of the premises located at 46 Mott Street, New York,

New York 10013, which premises it currently leases to Defendant Fong On NYC, Inc.

2.      Upon information and belief, Plaintiff is a New York corporation which lists its

address as 81 Division Street, New York, New York, 10002.

3.      Plaintiff is listed as the owner of United States Trademark Registration No.

5,411,853, issued on February 27, 2018, for the mark FONG ON for "Custard style yoghurts;

Jellies for food; Soy milk; Soy-based snack foods; Tofu; Tofu-based snacks" in International

Class 29 and "Cakes; Noodles; Rice cakes; Rice dumplings; Rice noodles; Tea; Beverages with a

tea base" in International Class 30 on a use basis under Section 1(a) of the Trademark Act (the

"853 Registration").

4.      Plaintiff is listed as the owner of United States Trademark Registration No.

5,411,856, issued on February 27, 2018, for the mark: 宏 安 for "Custard style

yoghurts; Jellies for food; Soy milk; Soy-based snack foods; Tofu; Tofu-based snacks" in

International Class 29 and "Cakes; Noodles; Rice cakes; Rice dumplings; Rice noodles; Tea;

Beverages with a tea base" in International Class 30 on a use basis under Section 1(a) of the

Trademark Act (the "856 Registration" and, together with the 853 Registration, the "Federal

Registrations").

5.      Upon information and belief, Plaintiff is listed as the owner of New York State

Trademark Registration No. R33103, issued on November 16, 2017, for the mark FONG ON for

"Tofu, tofu-based snacks, soy milk, soy based snack food, custard style yogurts, jellies for food,

20

tea, beverages with a tea base, rice cakes, rice noodles, rice dumplings, noodles, cakes" in

Classes 29 and 30 on a use basis under Article 24 of the New York General Business Law (the

"103 Registration").

6.        Upon information and belief, Plaintiff is listed as the owner of New York State

Trademark Registration No. R33114, issued on November 27, 2017, for the mark:

宏 安 for "Tofu, Tofu-based snacks, soy milk, soy based snack food, custard style

yogurts, jellies for food, tea, beverages with a tea base, rice cakes, rice noodles, noodles, rice

dumplings, noodles, cakes" in Classes 29 and 30 on a use basis under Article 24 of the New

York General Business Law (the "114 Registration" and, together with the 103 Registration, the

"State Registrations." The State Registrations and Federal Registrations are referred to

collectively as the "Registrations").

7.        Upon information and belief, in or around February 2017, Plaintiff discontinued

its business operations and stopped using the marks covered by Plaintiff's Registrations in

connection with the goods described in those registrations with intent not to resume such use.

8.        Upon information and belief, since February 2017 or earlier, Plaintiff has not used

in commerce or in the ordinary course of trade any of the marks covered by Plaintiff's

Registrations in connection with the goods listed in such registrations.

9.        Upon information and belief, Plaintiff does not intend to resume use of the marks

covered by Plaintiff's Registrations in connection with the goods listed in such registrations in

commerce or in the ordinary course of trade.

10.        Upon information and belief, Plaintiff filed the trademark applications that

matured into the 853 Registration and 856 Registration (the "Federal Applications") on July 18,

2017, well after the Plaintiff stopped using the marks covered by the Registrations in connection with the goods listed in such registrations.

11.     Upon information and belief, Plaintiff did not file the applications that matured into the 103 Registration and 114 Registration (the "State Applications" and, together with the Federal Applications, the "Applications") until well after February 2017 and well after Plaintiff stopped using the marks covered by the Registrations in connection with the goods listed in such registrations.

12.     Upon information and belief, Plaintiff and/or its attorney filed sworn statements with the Applications in which Plaintiff and/or its attorney claimed that the marks covered by the Applications were being used in commerce and/or in the ordinary course of trade as of the date the Applications were filed.

13.     Upon information and belief, Plaintiff was not using the marks covered by Plaintiff's Applications in connection with the goods listed in such registrations in commerce or in the ordinary course of trade at the time the Applications were filed.

14.     Upon information and belief, Plaintiff did not intend to resume use of the marks covered by Plaintiff's Applications in connection with the goods listed in such registrations in commerce or in the ordinary course of trade at the time the Applications were filed.

15.     Upon information and belief, Plaintiff's false statements in the Federal Applications were made knowingly with the intent to deceive the USPTO.

16.     Upon information and belief, Plaintiff's false statements in the State Applications were made knowingly with the intent to deceive the New York Secretary of State and/or were made in reckless disregard of the truth or falsity of those statements.

17.     Upon information and belief, but for Plaintiff's false statements in the Applications, Plaintiff would not have obtained the Registrations. Plaintiff's false statements were therefore necessarily statements of material fact. Plaintiff knew that it would not be granted the Registrations but for the false representations made by Plaintiff and/or its attorney in the Applications, and such false representations were made specifically to obtain the Registrations that Plaintiff otherwise could not have obtained.

18.     On March 15, 2018, Plaintiff filed a Complaint against Mott Bulwark in this Court asserting causes of action for, *inter alia*, alleged infringement and dilution of the marks covered by Plaintiff's Registrations. Mott Bulwark denies liability for the claims asserted by Plaintiff and challenges the validity of Plaintiff's Registrations.

19.     Mott Bulwark will be damaged by Plaintiff's continued registration of the marks covered by the Registrations, as evidenced by the current lawsuit brought by Plaintiff against Mott Bulwark.

## FIRST COUNTERCLAIM
### (Cancellation of Federal Trademark Registrations - Fraud)

20.     Mott Bulwark re-alleges paragraphs 1 through 19 of its Counterclaims as if fully set forth herein.

21.     Upon information and belief, Plaintiff committed fraud on the USPTO by making one or more false statements about Plaintiff's use in United States commerce of the marks covered by the Federal Registrations.

22.     Upon information and belief, Plaintiff's false statements were material and made knowingly with the intent to deceive the USPTO.

23.     The Federal Registrations were therefore obtained fraudulently and should be cancelled pursuant to  15 U.S.C. § 1119.

23

## SECOND COUNTERCLAIM
### (Cancellation of State Trademark Registrations – Fraud)

24.     Mott Bulwark re-alleges paragraphs 1 through 23 of its Counterclaims as if fully set forth herein.

25.     Upon information and belief, Plaintiff committed fraud on the New York Secretary of State by making one or more false statements about Plaintiff's use in the ordinary course of trade of the marks covered by the State Registrations.

26.     Upon information and belief, Plaintiff's false statements were material and made knowingly with the intent to deceive the New York Secretary of State, and/or were made in reckless disregard of the truth or falsity of those statements.

27.     The State Registrations were therefore obtained fraudulently and should be cancelled pursuant to  Article 24 of the New York General Business Law.

## THIRD COUNTERCLAIM
### (Cancellation of Trademark Registrations – Abandonment)

28.     Mott Bulwark re-alleges paragraphs 1 through 27 of its Counterclaims as if fully set forth herein.

29.     Plaintiff has abandoned the Registrations pursuant to Section 45 of the Lanham Act, 15 U.S.C. § 1127 and Article 24 of the New York General Business Law, and the Registrations should be cancelled pursuant to 15 U.S.C. § 1119 and Article 24 of the New York General Business Law.


**WHEREFORE**, Mott Bulwark demands judgment dismissing the Complaint herein on the merits, granting Mott Bulwark's counterclaims on the merits and awarding Mott Bulwark the

costs and reasonable attorney's fees incurred in the defense of this action and prosecution of its

counterclaims, together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        June 22, 2018

                            COWAN, LIEBOWITZ & LATMAN, P.C.

                    By: __/s/ Ryan A. Ghiselli_____
                        Eric J. Shimanoff
                        Ryan A. Ghiselli
                        114 West 47th Street
                        New York, New York 10036
                        (212) 790-9200

                        *Attorneys for Defendant/Counterclaimant*
                        *Mott Bulwark, LLC*

25