

Christian W. Liedtke
Attorney at Law

3420 Bristol Street, 6ᵃ Floor ▪ Costa Mesa CA 92626
Telephone: +1 (949) 698-7840 ▪ Facsimile: +1 (949) 698-7861
E-Mail: cw.liedtke@acuminis.biz ▪ www.acuminis.biz

Date: July 12, 2018

**Via Fax (212-805-6382)**
The Honorable Judge Victor Marrero
United States District Court, Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE: 7/16/18

Re: *Fong On, Inc. v. Fong On NYC, Inc. et al.,* 1:18-cv-02300-VM

Dear Honorable Judge Marrero:

    This firm represents Plaintiff Fong On, Inc. in the above referenced matter. We are writing to respectfully request a 30-day extension of time until August 12, 2018 to answer or otherwise respond to Defendant Mott Bulwark, LLC's counterclaims.

    This request is made to allow the Parties to seek an informal resolution with respect to Plaintiff's concerns that Defendant's counterclaims for fraud fail to meet the requirements of Fed. R. Civ. P. 9(b). These concerns were raised with Defendant by separate correspondence, with a copy to your honor, pursuant to this Court's Standing Order regarding Individual Practices.

    Defendant Mott Bulwark, LLC consented to this extension request and Fong On, Inc. has not previously requested an extension.

Respectfully submitted,

Christian W. Liedtke
*Counsel for Plaintiff Fong On, Inc.*

Request GRANTED. The time for plaintiff to answer or otherwise move with respect to the counterclaim in this action is extended to 8-12-18.

SO ORDERED.

7-13-18
DATE    VICTOR MARRERO, U.S.D.J.

cc: All counsel of record (via e-mail)

Orange County, CA          New York, NY

# acuminis

Christian W. Liedtke
Attorney at Law

3420 Bristol Street, 6th Floor ▪ Costa Mesa CA 92626
Telephone: +1 (949) 698-7840 ▪ Facsimile: +1 (949) 698-7861
E-Mail: cw.liedtke@acuminis.biz ▪ www.acuminis.biz

Date: July 12, 2018

Cowan, Liebowitz & Latman, P.C.
Eric J. Shimanoff
114 West 47th Street
New York, NY 10036

Re: *Fong On, Inc. v. Fong On NYC, Inc. et al.,* 1:18-cv-02300-VM

Dear Eric:

As discussed over the phone, we are writing with respect to Defendant Mott Bulwark, LLC's Counterclaims, which fail to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b).

## I. Summary of the Issue

In its First and Second Counterclaims, Mott Bulwark alleges that Fong On committed fraud on the United State Patent and Trademark Office ("USPTO") and the New York Secretary of State ("Secretary of State") in the procurement of its registration for the FONG ON and 宏安 Trademarks. However, Mott Bulwark fails to plead fraud with any particularity whatsoever and certainly does not plead fraud with the particularity required of FRCP 9(b). Therefore, Mott Bulwark has failed to establish a prima facie case of fraud sufficient to cancel Plaintiff's federal and state registrations and the Counterclaims should be dismissed.

## II. Governing Legal Standard

When it comes to allegations of trademark fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P 9(b). "The heightened pleading requirements apply to each element of the fraud claim." *GMA Accessories, Inc. v. Idea Nuova, Inc.,* 157 F. Supp. 2d 234, 243 (S.D.N.Y. 2000). Conclusory allegations of fraud are insufficient. *See Havana Club Holding, S.A. v. Galleon, S.A.,* No. 96 Civ. 9655, 1998 WL 150983, at *3 (S.D.N.Y. Mar. 31, 1998). Although Rule 9(b) indicates that "mental states may be pleaded 'generally,' [claimants] must nonetheless allege facts 'that give rise to a strong inference of fraudulent intent.'" *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC,* 797 F.3d 160, 171 (2d Cir. 2015) (citation omitted).

### III. Defendant's Counterclaim Nos. 1 and 2 Are Insufficiently Pleaded and Subject to Dismissal Pursuant Fed. R. Civ. P. 9(b) and 12(b)(6)

A party "seeking cancellation of a trademark registration for fraudulent procurement bears a heavy burden of proof" *A.V.E.L.A., Inc.* v. *Estate of Marilyn Monroe, LLC,* 2017 WL 979050, at *12 (S.D.N.Y. 2017) (quoting *In re Bose Corp.,* 580 F.3d 1240, 1243 (Fed. Cir. 2009)). In order to state a viable claim for fraud, Mott Bulwark must allege facts that support the elements of the claim with sufficient particularity: "[i] that the registrant misrepresented a material fact when it filed its application, [ii] that the registrant knew or should have known that its representation was false, [iii] that the registrant intended to induce the [USPTO] to act in reliance thereon, [iv] that the [USPTO] reasonably relied on the misrepresentation, and [v] that damages proximately resulted from that reliance." *Id.* (quoting *Privado Mktg.,* 2014 WL 3377107, at *6). A fraud pleading must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp.* v. *Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1327 (Fed. Cir. 2009).

#### A. Allegations of Fraud Premised Upon "Information and Belief" Do Not Meet the Particularity Requirements of FRCP 9(b)

Defendant's counterclaims are framed nearly entirely upon "information and belief" with only a few irrelevant exceptions.

It is well established that a party pleading fraud may not do so based on "information or belief." *GMA Accessories, GMA Accessories, Inc.* v. *Idea Nuova, Inc.,* 157 F. Supp. 2d 234, 242 (S.D.N.Y. 2000). *See also Weaver* v. *Chrysler Corp.,* 172 F.R.D. 96, 100 (S.D.N.Y. 1997).

Mott Bulwark alleges for example, "Upon information and belief, Plaintiff was not using the marks covered by Plaintiff's Applications in connection with the goods listed in such registrations in commerce or in the ordinary course of trade at the time the Applications were filed." and further alleges "Upon information and belief, Plaintiff did not intend to resume use of marks covered by Plaintiff's Applications in connection with the goods listed in such registrations in commerce or in the ordinary course of trade at the time the Applications were filed." (Mott Bulwark's Counterclaims ¶ 13-14).

The possible exception mentioned by the *Weaver* court is not implicated here. *Id.* at 101. Thus, Mott Bulwark failed to plead fraud with the required particularity.

#### B. Defendant Has Not Adequately Pleaded Facts to Support the Damages Element of Its Fraud Claims

Moreover, courts have found that litigation costs incurred in defending an allegedly false application of a trademark, are not damages that can support a claim made pursuant to 15 U.S.C. §1120, which provides a right of action against any party that has fraudulently procured a trademark registration. *Barbarian Rugby Wear, Inc.* v. *PRL USA Holdings, Inc.,* 2009 WL 884515, at *6 (S.D.N.Y. 2009). *See also AutoZone, Inc.* v. *Strick,* No. 03 C 8152, 2005 WL 2978708, at *4 (N.D. Ill. 2005). Here, Defendant

2

claims its damages "are evidenced by this current lawsuit". Yet, if litigation costs incurred in defending an allegedly false application of a trademark is not an injury that can support a damage claim under 15 U.S.C. § 1120, it is unlikely that a claim of damages premised on the costs sustained in defending a lawsuit are "damages" that can support a claim of fraud.

Even if there were misstatements made by Plaintiff (which there were not), Defendant failed to show how the fraud committed have proximately led to damages to the Defendant in alignment with the elements needed to properly plead fraud. Mott Bulwark claims that the damages caused by the continued registration of the Trademarks is evidenced by the current lawsuit. (Mott Bulwark's Counterclaims ¶ 19). However, even without a federally and state recognized trademark, Plaintiff can still be found to have common law protection in its trademark as evidenced by its 80 years of use, success, and the attempt to usurp its reputation by defendants.

*McCarthy on Trademarks* states the following:

> "It is difficult to understand why defendants in many trademark infringement suits expend so much time, effort, and money in vigorously pursuing the claim that plaintiff's federal registration was obtained by fraud. It has been held several times that even if defendant succeeds in proving that the plaintiff's registration was fraudulently obtained, plaintiff's common law rights in the mark continue unabated and are sufficient to require an injunction against an infringing defendant. In addition, plaintiff's separate federal rights in unregistered marks under Lanham Act § 43(a) continue unabated even if a registration is disregarded or cancelled."

6 J.Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* §31:60 (5th ed. 2018).

Therefore, Defendant's Counterclaims Nos. 1 and 2 are pled inadequately.

### C. Defendant's Counterclaims for Fraud Lack the Specificity Required by FRCP 9(b)

Defendant's contentions are set forth in a conclusory fashion, inadequately supported by facts or evidence required to meet the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure. Specifically, "a party alleging that a trademark registrant committed fraud on the USPTO must 'present proof that leaves nothing to speculation, conjecture, or surmise.'" *A.V.E.L.A*, 241 F. Supp. 3d at 480 (S.D.N.Y. 2017)(quoting *De Beers LV Trademark Ltd. v. DeBeers Diamond Syndicate, Inc.*, 440 F. Supp. 2d 249, 267 (S.D.N.Y. 2006)).

Here, Defendant's allegations amount to no more than a mere recitation of the elements of trademark fraud. Thus, Defendant has not met its "heavy burden" of proving with particularity that Plaintiff fraudulently procured its trademark registrations. *A.V.E.L.A.*, 241 F. Supp. 3d at 481.

We look forward to your response and hope that this issue can be resolved amicably without having to burden the Court with motion practice.

3

Kind regards,

Christian W. Liedtke

cc:
The Hon. Judge Victor Marrero (via fax 212-805-6382)
All counsel of record (via e-mail)

4