**COWAN LIEBOWITZ LATMAN**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/20/18

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY  10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

Ryan A. Ghiselli
(212) 790-9248
ryg@cll.com

July 19, 2018

**Via Email**

Christian W. Liedtke
ACUMINIS P.C.
3420 Bristol Street, 6th Floor
Costa Mesa, CA 92626
cw.liedtke@acuminis.biz

    Re:    Fong On, Inc. v. Fong On NYC, Inc. et al., 1:18-cv-02300-VM

Dear Christian:

    As you know, we represent Mott Bulwark, LLC ("Mott Bulwark") in connection with the above-captioned matter. We write in response to your letter to us dated July 12, 2018, in which you erroneously allege that Mott Bulwark's first and second counterclaims asserted in this action are insufficiently pled and further suggest that you intend to initiate motion practice in the event the parties are unable to resolve the issues you raise to your client's satisfaction.

    As an initial matter, we remind you that during the parties' initial conference with the Court on June 5, 2018, the Court advised the parties not to file any motions to dismiss in the absence of discovery because any such motions are not likely to be granted by the Court at this stage of the proceeding. The statements in your June 12, 2018 letter to us, in which you state that you "hope [the issues raised in your letter] can be resolved amicably without having to burden the Court with motion practice," suggest that you have chosen to proceed despite the Court's advice. Mott Bulwark therefore objects to your letter in its entirety on this basis. To the extent the Court allows your client to submit a motion to dismiss Mott Bulwark's counterclaims, Mott Bulwark intends to request permission to file its own motion to dismiss insufficiently pled claims asserted by Fong On, Inc., including claims asserted under the New York General Business Law and New York Real Property Law and for trademark dilution and unjust enrichment.

    With respect to your assertions that Mott Bulwark failed to adequately plead Fong On, Inc.'s fraud upon the United States Patent and Trademark Office ("USPTO") and New York Secretary of State ("NYSOS"), Mott Bulwark unreservedly disagrees with your position and addresses your arguments below. We have keyed our responses to the outline of your letter:

### A. Mott Bulwark's Allegations Made "Upon Information and Belief"

    To allege fraud in the procurement of a trademark registration, Mott Bulwark must simply plead that Fong On, Inc. "knowingly [made] a false, material representation of fact in

31559/000/2476616

Cowan, Liebowitz & Latman, P.C.
Christian W. Liedtke
July 19, 2018
Page 2

connection with an application" to register a trademark with the intent of obtaining a registration to which it is otherwise not entitled. See In re Bose Corp., 580 F.3d 1240, 91 U.S.P.Q.2d 1938, 1939 (Fed. Cir. 2009). While you claim that allegations of fraud cannot be premised upon information alleged on "information and belief," the law in the Second Circuit is clear that "the Twombly plausibility standard, which applies to all civil actions, does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." Arista Records Ltd. Liab. Co. v. Doe, 604 F.3d 110, 120 (2d Cir. 2010) (citations omitted). Further, Fed. R. Civ. P. 9(b) specifically contemplates that "intent, knowledge, and other conditions of a person's mind may be alleged generally."

Here, Mott Bulwark clearly satisfies its pleading burden. In its counterclaims, Mott Bulwark lists the trademark registrations that Mott Bulwark alleges Fong On, Inc. obtained by fraud, and alleges that, upon information and belief, Fong On, Inc. discontinued business operations and stopped using the trademarks described in those registrations in or around February 2017, well before Fong On, Inc. applied to obtain those registrations based on its claimed use of the trademarks at issue. Mott Bulwark further alleges upon information and belief that, as part of Fong On, Inc.'s applications to obtain the registrations, Fong On, Inc. submitted false statements to the USPTO and New York Secretary of State in which plaintiff knowingly and falsely represented to those entities that plaintiff was still using the trademarks at issue when in fact plaintiff had already ceased business operations. Plaintiff's false statements to the USPTO and NYSOS are clearly material because neither the USPTO nor NYSOS possess the authority to grant a trademark registration when an application is filed on a use basis but the applicant is not actually using the applied-for trademark. See 15 U.S.C. 1051 and N.Y. Gen. Bus. L. § 360. Although unchallenged in your letter, Mott Bulwark further maintains that its allegations regarding plaintiff's intent to deceive the USPTO and NYSOS are properly pled.

Mott Bulwark's statements made "upon information and belief" are therefore based on substantial factual information that "makes the inference of culpability plausible." See Arista Records at 120. Moreover, a significant amount of relevant information about Fong On, Inc's business and its future plans remains "peculiarly within the possession and control of" Fong On, Inc., and Mott Bulwark cannot be expected to recite every detail of Fong On, Inc's business operations at the pleading stage prior to discovery. Id.

### B. Damages Allegations as Part of Fraud Claims

To support your argument that Mott Bulwark "has not adequately pleaded facts to support the damages element of its fraud claims," you focus on and cite authority that addresses claims brought under 15 U.S.C. §1120, which provides for civil liability for damages due to fraudulent registrations. Mott Bulwark has not asserted a claim against your client under 15 U.S.C. §1120. Rather, Mott Bulwark seeks the cancellation of Fong On, Inc.'s trademark registrations on the grounds of fraud and abandonment as permitted under 15 U.S.C. §1119 ("In any action involving a registered mark the court may determine the right to registration, order the

Cowan, Liebowitz & Latman, P.C.
Christian W. Liedtke
July 19, 2018
Page 3

cancelation of registrations, in whole or in part... and otherwise rectify the register with respect to the registrations of any party to the action"). Your arguments that Mott Bulwark has not adequately pled damages under 15 U.S.C. §1120 are therefore irrelevant.

### C. The Specificity of Mott Bulwark's Claims under Fed. R. Civ. P. 9(b)

Although you state that Mott Bulwark's allegations that Fong On, Inc. procured its trademark registrations through fraud lack the specificity required by Fed. R. Civ. P. 9(b), the claims in your letter are entirely conclusory and ignore Mott Bulwark's numerous allegations described above that create a strong inference that Fong On, Inc. made false, material statements to the USPTO and NYSOS to procure its trademark registrations knowingly and with the intent to deceive. See Caymus Vineyards v. Caymus Med., Inc., 107 U.S.P.Q.2 1519, 1523 (T.T.A.B. July 12, 2013) (motion to dismiss claim for fraudulent trademark registration denied where claimant "alleged when and how the fraud allegedly occurred and the content of the false representation, and identifies what was obtained by reason of the asserted fraud"). Moreover, by claiming that "Defendant has not met its 'heavy burden' of proving with particularity that Plaintiff fraudulently procured its trademark registrations," you improperly confuse Mott Bulwark's burden of proof at trial with Mott Bulwark's burden at the pleading stage to merely allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[1]

For the reasons described above, Mott Bulwark has sufficiently pled its claims for cancellation of Fong On, Inc's trademark registrations.

Sincerely,

Ryan A. Ghiselli

cc: Hon. Victor Marrero (via fax)
All counsel of record (via e-mail)

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by Defendant Mott Bulwark LLC.
>
> SO ORDERED.
>
> 7-20-18
> DATE        VICTOR MARRERO, U.S.D.J.

---

[1] Your citation to A.V.E.L.A., Inc. v. Estate of Marilyn Monroe, LLC is inapposite. In that case, the court dismissed a trademark fraud claim because the plaintiff provided no factual information whatsoever to support its legal allegations, omitting basic information such as the nature of the misstatements alleged to have been made and whether those misstatements were material. A.V.E.L.A., Inc., 241 F. Supp. 3d 461, 481 (S.D.N.Y. 2017). That clearly is not the case here. As described above, Mott Bulwark has described with particularity the facts underlying its legal assertions.

31559/000/2476616